Robert E. CALL, Everett H. Call and
Ann D. Call, Plaintiffs and
Respondents,

v.

TIMBER LAKES CORPORATION,
Defendant and Appellant.

No. 14839.

Supreme Court of Utah.

July 29, 1977.

John S. Adams of Adams, Kasting & Anderson, Salt Lake City, for defendant-appellant.

Russell C. Harris, Salt Lake City, for plaintiffs-respondents.

ELLETT, Chief Justice:

This is a suit for declaratory judgment to determine the validity of a written contract, for the sale of real property, dated November 6, 1971. The respondents, hereafter referred to as "Calls," were the purchasers and the appellant was the seller. The trial court held the contract to be valid and in full force and effect. This appeal is from that ruling.

The contract provided for a down payment of $1,000 and the balance to be paid at the rate of $155.89 per month. The Calls made numerous late payments and missed several but were permitted to make up the missed payments.

On or about December 12, 1974, Timber Lakes notified Calls in writing that they were in arrears in their payments in the amount of $1,558.90 and unless the same was paid by December 22, 1974, the contract would be terminated. The contract provided as follows:

> *Time is of the essence of this contract,* and should the BUYER fail or make default in any of the payments to be made hereunder, or fail to comply with each and all of the covenants, conditions and restrictions herein described, then, at the option of the Seller, the whole sum of the purchase price of said lots and all interest thereon remaining unpaid shall immediately become due and payable to the Seller, *or the SELLER may, at its option, terminate all of the rights and privileges of the BUYER hereunder, and all monies therefor paid shall be retained by the SELLER and no part of such money shall be repaid to the BUYER.* [Emphasis added.]

The evidence is in dispute regarding the efforts made to make the payments as demanded; but the court could find from the testimony given: (1) that the Calls contact-

ed Timber Lakes and were informed that if they brought the delinquent interest up-to-date, amounting to over $600, by January 3, 1975, the contract would not be forfeited; (2) Calls took the check made out for the delinquent interest to appellant's office, but instead of tendering it, they offered a check for the entire amount of the arrearage demanded in the notice, to wit: $1,558.90; (3) that the check was refused and demand made for payment of the contract in full in the amount of some $7,400 plus $1,800 for a water hookup; (4) that there was no agreement to have a water hookup included in the contract.

In its brief, Timber Lakes admits that in addition to the down payment, the Calls also made monthly payments totaling $2,181.07. This makes a total of $3,181.07 paid towards the purchase of three mountain lots fit only for camping out or for building a cabin. There was no income from the ownership of the lots. The original contract price for the lots was $10,000 plus a finance charge of $4,095.

This Court has had occasion to consider the question of forfeiture provisions in real estate contracts, and as to such provisions we held in *Jacobson v. Swan* :[1]

. . . The parties have a right to so contract and such right should not be lightly interfered with. It is only when the forfeiture would be so grossly excessive as to be entirely disproportionate to any possible loss that might have been contemplated, so that to enforce it would shock the conscience, that a court of equity will refuse to enforce the provision. When the trial judge has made such determination, we will regard it as prima facie correct and will not disturb it unless it is plainly erroneous.

. . . It is now established in this state that where a forfeiture provision allows an unconscionable and exorbitant benefit to be retained by the seller which bears no relationship to the damages which have been sustained or reasonably could have been contemplated, it provides

for a penalty or punitive damages which courts of equity will not enforce. . .

After a full hearing of the matter, the trial court found the following:

On January 3, 1975 plaintiff offered to then bring the contract current by paying all delinquent payments and accumulated interest, and were ready and able to do so, but such offer was refused by defendant.

By accepting different amounts and at different times than called for by the contract and permitting a delinquency to exist for several months, plaintiff waived strict performance of the contract.

Under all of the circumstances, the ten days specified in the letter of December 12, 1974 on which the contract was to be brought current was not a reasonable time, and twenty-two days was not an unreasonable time for defendant to tender performance after notice.

The court ruled that upon tender to the appellant of all delinquent payments under the contract, plus accrued interest and costs, within fifteen days from the date of the judgment, "the contract will be and is ordered reinstated."

We see no abuse of discretion or error in the ruling made and, therefore, we affirm the judgment. Costs are awarded to the respondents on this appeal.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. 3 Utah 2d 59, 65, 278 P.2d 294 (1954).